Scott E. Charney, Esq.
Thomas M. Finetti, Esq.
CHARNEY IP LAW LLC
233 Mount Airy Road, Suite 100
Basking Ridge, New Jersey 07920
(908) 758-1374

*Attorneys for Plaintiff,*
*ProSource Performance Products, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Document Filed Electronically**

-------------------------------
                               :
ProSource Performance          :
    Products, Inc.       :
                               :
    Plaintiff,           :   Civil Action No: _____
                               :
    V.                   :   **Complaint and Jury Demand**
                               :
ProSource Discounts, Inc.      :
                               :
    Defendant.           :
                               :
-------------------------------

Plaintiff, ProSource Performance Products, Inc. ("ProSource"), through its counsel, for its complaint against ProSource Discounts, Inc. ("Discounts"), says:

### Nature of the Action

1.  This is an action for trademark infringement and unfair competition stemming from ProSource Discount Inc.'s unlawful and unauthorized misappropriation of ProSource Performance Products, Inc.'s federally registered trademarks, common law marks, and goodwill.  Such acts have injured ProSource Performance Inc.'s

business and goodwill, and unless restrained by this Court will continue to so damage ProSource Performance Products, Inc.

## PARTIES

2.   ProSource Performance Products, Inc. ("ProSource") is a New Jersey corporation having offices at 2231 Landmark Place, Manasquan, New Jersey 08736.

3.   Upon information and belief, ProSource Discounts, Inc. ("Discounts") is a California corporation having offices at 8955 Fullbright Avenue, Chatsworth, California 91311.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, and 1338.

5.   This Court has supplemental jurisdiction over the claims of this Complaint that arise under the statutory and common law of the State of New Jersey pursuant to 28 U.S.C. §1367 since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.   Upon information and belief, Discounts transacts business in this District, has committed acts in this District, derives substantial revenue from intrastate and interstate commerce related to this District, has caused injury in this District, and is, and has been at all relevant times, subject to personal jurisdiction in the State and District of New Jersey.

7.   Venue is proper in this judicial District pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District, including,

without limitation, Discounts' infringing advertising and sales in this District.

### ProSource Performance Products, Inc.

8.  ProSource was founded in New Jersey in 1996.

9.  From its humble beginnings, ProSource has grown to become one of the nation's leading sources of nutritional supplements, fitness equipment, and apparel.

10. Indeed, through its www.prosource.net website, ProSource sells hundreds of goods.

11. ProSource also sells its goods through third party sellers such as Amazon (www.amazon.com), a relationship spanning back to 2005.

12. The range of fitness equipment currently sold by ProSource includes weight lifting straps, yoga mats, wrist wraps, jump ropes, resistance bands, and knee wraps.

13. ProSource has sold weight lifting straps and jump ropes continuously since at least 2001.

14. ProSource has sold yoga mats continuously since at least 2004.

15.   The following is an excerpt from ProSource's 2004 catalog, clearly showing sales of weight lifting straps and yoga mats.



16.   In the past, ProSource has sold other fitness equipment such as kettle bells and exercise balls.

17.   ProSource has spent considerable monetary sums – in the range of millions of dollars - and efforts advertising and promoting its goods under the PROSOURCE mark.

18.   ProSource's advertising includes hundreds of pages of print ad in national fitness magazines as well as major online digital targeting of fitness consumers worldwide.

19.  These efforts, and the quality of ProSource's goods, have caused The PROSOURCE mark to become well known throughout the United States.

20.  Indeed, ProSource has sales in each of the 50 states.

21.  The purchasers of ProSource's nutritional supplements are the same purchasers as ProSources fitness equipment, and vice versa.

### ProSource's Marks

22.  ProSource is the owner of U.S. Trademark Registration No. 2,303,469 for the mark PROSOURCE® for "nutritional supplements" in International Class 5.  A copy of the trademark registration is provided as Exhibit A.  U.S. Trademark Registration No. 2,303,469 issued on December 28, 1999, and identifies a date of first use of September 1996.

23.  ProSource is the owner of U.S. Trademark Registration No. 2,278,959 for the mark PROSOURCE® for "mail order catalog services in the field of nutritional supplements" in International Class 5.  A copy of the trademark registration is provided as Exhibit B.  U.S. Trademark Registration No. 2,278,959 issued on September 21, 1999, and identifies a date of first use of September 15, 1996.

24.  ProSource is the owner of U.S. Trademark Registration No. 4,583,704 for the mark PROSOURCE.NET® for "on-line retail store services featuring dietary and nutritional supplements" in International Class 35.  A copy of the trademark registration is provided as Exhibit C.  U.S. Trademark Registration No. 4,583,704 issued on August 12, 2014, and identifies a date of first use of 2003.

25.  ProSource has also derived common law rights in the PROSOURCE mark for nutritional supplements, fitness equipment, and apparel

based on its continued use of the mark in association with the sale of such goods throughout the United States starting in 1996.

26.  Other uses of the PROSOURCE mark include the PROSOURCE and DESIGN mark depicted below, identified hereinafter as "The ProSource Design Mark."



27.  Of note, the red and black color scheme depicted in The ProSource Design Mark has been used since ProSource's inception in 1996.

28.  Collectively the aforementioned marks are referred to herein as "The ProSource Marks."   ProSource continues to use the The ProSource Marks throughout the United States.

<b>Discounts' Early Activities</b>

29.  Upon information and belief, Discounts was founded in 2010.

30.  At the time, and upon information and belief, Discounts sold a variety of goods including bubble making machines, toy scooters, yoga mats, and exercise equipment.

31.  ProSource first learned of Discounts' use of The ProSource Marks and marks confusingly similar to The ProSource Marks in late 2012 or early 2013, while Discounts was publicly branded with the full name "ProSource Discounts."

32.  In January 2013, ProSource wrote to Discounts in an effort to curtail its use of The ProSource Marks and those marks that are confusingly similar to The ProSource Marks.

33.  Through its counsel, Discounts responded with correspondence stating that the ProSource goods and services were "in no way similar to [Discounts'] fitness equipment and toys as described in U.S. Registration No. 4,055,115 and Application No. 85/843980."

34.  U.S. Registration No. 4,055,155 and Application No. 85/843980 include such goods as "toys, namely bubble making machines, toy scooters."

35.  For the next several months the parties continued to coexist in the marketplace, with Discounts continuing to primarily sell toys and other non-fitness related goods in addition to its fitness related goods.

36.  During this time, Discounts utilized the mark below, identified hereinafter as "The blue Discounts mark."



37.  While differing in color from The ProSource Design Mark, The blue Discounts mark utilized the identical distinct spelling (one word) complete with capital "S" as in ProSource's genuine mark.

38.  In February 2014, ProSource, through counsel, again wrote to Discounts to express concern over the competing marks.

39.  In written response, Discounts' counsel advised that Discounts "sells a wide variety of products ranging from fitness equipment to baby toys and garden consumer goods. . . ProSource Discounts does not exclusively sell fitness equipment but instead the company has several divisions offering a diverse range of products."

40.  Upon information and belief, Discounts did sell a large variety of goods in February 2014, only a small portion of which included fitness equipment.

41.  In addition to the "baby toys and garden consumer goods" identified by counsel, and upon information and belief, Discounts also offered and sold at least electric griddles, flameless tea light candles, hammock stands, garment and clothing storage racks, fabric shade sails, and fabric tents.

### Discounts' Continued Encroachment

42.  Discounts has now ceased sale of all products apart from fitness equipment.

43.  Discounts has also now ceased branding under the "ProSource Discounts" brand and has fully adopted the "Prosource," "ProSource Fitness," and "www.prosourcefit.com" brands.

44.  Discounts has also adopted the following mark, hereinafter referred to as "The Red Discounts Mark."



45.  The Red Discounts Mark retains the identical distinct spelling (one word) complete with capital "S" as ProSource's genuine mark, and additionally adopts the color red as used by ProSource since 1996 rather than the blue previously utilized by Discounts.

46.  Like ProSource, Discounts sells its goods through Amazon.

47.   Below  is  a  screen  shot  showing  an  example  of  a  genuine
ProSource product sold through the Amazon marketplace.  Of note is
the ProSource hyperlink just to the  left of the price, annotated
with a circle.



48.   When a user clicks the ProSource link, the user is not brought
to  a  genuine  ProSource  website,  but  rather  is  brought  to  the
Discounts Amazon home page, a screenshot of which is shown below.



49.  Upon information and belief, this false linking has been in place for no more than a few months.

50.  This false linking diverts ProSource customers from genuine ProSource products to Discounts' products, and creates utter confusion in the marketplace.

51.  Upon information and belief, no attempt has been made by Discounts to correct this pirating.

52.  In addition to this false linking, ProSource and Discounts presently sell overlapping goods, creating confusion in the marketplace.

53.  Exhibit D provides internet screenshots of overlapping goods of ProSource and Discounts in the form of weight lifting straps, yoga mats, wrist wraps, jump ropes, resistance bands, and knee wraps.

54.  Discounts' use of The ProSource marks and marks confusingly similar to The ProSource Marks in association with fitness equipment causes detrimental effects on ProSource and the consuming public by creating an atmosphere of confusion, mistake, and uncertainty in the marketplace, and deceives customers as to the affiliation, connection, or sponsorship of Discounts with ProSource, or as to the origin, sponsorship, or approval of the fitness equipment offered by Discounts.

55.  Indeed, there have been numerous other instances of actual confusion in the marketplace between goods marketed and sold by Discounts and ProSource.

56.  Exhibit E provides redacted examples of several instances of actual confusion by customers of Discounts and those seeking to supply services to Discounts.

57.  These instances of actual confusion are becoming more prominent and accordingly, more demanding on ProSource's resources and goodwill.

58.  Discounts' unauthorized use of The ProSource Marks and marks confusingly similar to The ProSource Marks continues to create confusion in the marketplace and is likely to cause additional confusion.

59.  Discounts' unauthorized use of The ProSource Marks and marks which are confusingly similar to The ProSource Marks falsely indicates to the consuming public that Discounts' activities are associated, affiliated, or connected with ProSource, or are sponsored or endorsed thereby.

60.  Discounts' use of The ProSource Marks and marks which are confusingly similar to The ProSource Marks trades off the goodwill established by ProSource, and permits Discounts to benefit from such goodwill.

61.  Discounts' unauthorized use of The ProSource Marks and marks which are confusingly similar to The ProSource Marks denies ProSource the ability to control the nature and quality of the goods provided under its marks, and places ProSource's valuable goodwill in the hands of Discounts.

62.  Discounts has been unjustly enriched by its use of The ProSource Marks and marks which are confusingly similar to The ProSource Marks.

63.  Despite notice of ProSource's rights, Discounts has not ceased nor desisted from its wrongful conduct, and indeed has continued to progressively encroach on the exclusive rights of ProSource.

64.  Unless restrained by this Court, these acts will continue and will cause irreparable injury to ProSource and the general public for which there is no adequate remedy at law.

## COUNT I

### §32 OF THE LANHAM ACT

65.  ProSource re-alleges and incorporates by reference herein the previous allegations contained in this Complaint.

66.  ProSource's federal registrations on the Principal Register for PROSOURCE® and PROSOURCE.NET® are conclusive evidence of ProSource's exclusive right to use the marks, pursuant to the Lanham Act, 15 U.S.C. §1115.

67.  Discounts' wrongful reproduction, counterfeit, copy, or colorable imitation of ProSource's marks, in connection with the offering for sale, sale, distribution, and/or advertising of goods, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Discounts' goods in violation of the Lanham Act, 15 U.S.C. §1114.

68.  The infringing acts committed by Discounts were committed willfully, knowingly, maliciously, and in conscious disregard of ProSource's rights.

69.  Unless enjoined by this Court, such acts will continue to cause damages to ProSource and the consuming public.

70.  Upon information and belief, Discounts' conduct, including continued infringement after notice, constitutes willful and malicious infringement of ProSource's marks under 15 U.S.C. §1114, rendering this case "exceptional under 15 U.S.C. §1117.

71.  ProSource has no adequate remedy at law.

## COUNT II

### §43(a) OF THE LANHAM ACT

72.  ProSource realleges and incorporates by reference herein the previous allegations contained in this Complaint.

73.  The ProSource Marks are well established and serve to identify the goods that ProSource sponsors, approves, authorizes, and is associated or affiliated with.

74.  The ProSource Marks have acquired distinctiveness and secondary meaning in connection with the goods they are registered for.

75.  Discounts has actual knowledge of The ProSource Marks and is aware of the advertising and promotional activities of ProSource.

76.  Discounts continues to use, and has expressed no desire to cease using, The ProSource Marks, or colorable imitations thereof, in advertising and promotion of Discounts' goods.

77.  Such uses are likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of ProSource with Discount, and as to the origin, sponsorship, or approval of Discounts' goods and commercial activities by ProSource, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

78.  Such uses constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

79.  Discounts' conduct represents a conscious and intentional effort to misappropriate ProSource's goodwill for the purpose of unjustly enriching Discounts, and unless restrained by this Court will continue to do so.

80.  ProSource has no adequate remedy at law.

## COUNT III

### COMMON LAW UNFAIR COMPETITION

81.  ProSource realleges and incorporates by reference herein the previous allegations contained in this Complaint.

82.  The aforesaid acts of Discount constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

83.  The unfair business practices of Discount are continuous, deliberate, malicious, willful, knowing, and done in conscious disregard of ProSource's rights.

84.  The aforesaid conduct of Discounts has caused, and unless retrained by this Court will continue to cause, immediate and irreparable injury to ProSource.

85.  Discounts' infringement has caused ProSource to sustain monetary damage, loss, and injury in an amount to be determined.

86.  ProSource has no adequate remedy at law.

## COUNT IV

## UNFAIR COMPETITION UNDER N.J.S.A. §56:4-1 *et seq.*

87.  ProSource realleges and incorporates by reference herein the previous allegations contained in this Complaint.

88.  Discounts' unauthorized use of The ProSource Marks or colorable imitations thereof in its advertising and other promotions constitutes acts of unfair competition through its appropriation for its own use ProSource's name, brand, trademark, reputation, and goodwill in violation of N.J.S.A. §56:4-1 et seq.

89.  These acts of Discounts are continuous, deliberate, malicious, willful, knowingly, and done in conscious disregard of ProSource's rights.

90.  The aforesaid conduct of Discounts has caused, and unless retrained by this Court will continue to cause, immediate and irreparable injury to ProSource.

91.  ProSource has no adequate remedy at law.

## COUNT V

## DECEPTIVE TRADE PRACTICES UNDER NEW JERSEY COMMON LAW

92.   ProSource realleges and incorporates by reference herein the previous allegations contained in this Complaint.

93.   Discounts' unauthorized use of The ProSource marks in advertising constitutes deceptive trade practices in violation of the common law of the State of New Jersey.

94.   Discounts' acts were and are committed willfully, knowingly, maliciously, and in conscious disregard of ProSource's rights.

95.   Discounts' acts have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to ProSource's property and business.

96.   ProSource has no adequate remedy at law.

### PRAYERS FOR RELIEF

**WHEREFORE**, ProSource respectfully requests that this Court:

A.   Enter judgment that Discounts has violated 15 U.S.C. §1114 and/or 15 U.S.C. §1125(a).

B.   Award preliminary and permanent injunction under 15 U.S.C. §1116(a), ordering Discounts and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing, The ProSource Marks in association with the offering for sale, sale, distribution, and/or advertising of fitness equipment, and to file with the Court and serve on ProSource within thirty (30) days of service on Discount of such injunction a report in writing under oath setting forth in detail the manner and form in which Discount has complied with the injunction.

C.    Award preliminary and permanent injunction under 15 U.S.C. §1116(a) ordering Discount and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing, any terms or phrases that are confusingly similar to The ProSource Marks in association with the offering for sale, sale, distribution, and/or advertising of fitness equipment.

D.    Award damages to ProSource as provided under 15 U.S.C. §1117(a), including Discounts' profits, three times the actual damages sustained by ProSource, and reasonable attorney's fees to ProSource as the prevailing party, and/or if the Court shall find that the amount of recovery based on profits is inadequate, to award in its discretion a sum the Court finds just, according to the circumstances of this case.

E.    Order that, pursuant to 15 U.S.C. §1118, all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Discounts, bearing any of the The ProSource Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof and all plates, molds, matrices, and other means of making or reproducing the same be delivered up to ProSource and destroyed.

F.    Enter judgment that Discounts has violated N.J.S.A. §56:4-1 et seq. and/or New Jersey common law.

G.    Award to ProSource compensatory, consequential, and/or incidental damages.

H.    Award to ProSource treble, exemplary, and/or punitive damages.

I.    Award to ProSource its reasonable attorney's fees and costs.

J.    Award prejudgment and post judgment interest on the above monetary awards.

K.   Provide such other relief as the Court deems equitable and
just.

## DEMAND FOR JURY TRIAL

ProSource demands a trial by jury of twelve on all issues so triable.

Respectfully submitted,

CHARNEY IP LAW LLC
*Attorneys for Plaintiff,*
*ProSource.*

Dated: August 16, 2017     By:  __/scott e. charney/__
                                  Scott E. Charney

                                  Tel: (908) 758-1374
                                  E-mail: info@charneyiplaw.com

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, plaintiff or plaintiff's attorney is unaware of any other pending action, in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

CHARNEY IP LAW LLC
*Attorneys for Plaintiff,*
*ProSource.*

Dated: August 16, 2017          By:  __/scott e. charney/__
                                     Scott E. Charney

                                     Tel: (908) 758-1374
                                     E-mail: info@charneyiplaw.com

**EXHIBIT A**

**Int. Cl.: 5**

**Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52**

## United States Patent and Trademark Office

**Reg. No. 2,303,469**

**Registered Dec. 28, 1999**

### TRADEMARK
### PRINCIPAL REGISTER

## PROSOURCE

PROSOURCE PERFORMANCE PRODUCTS, INC. (NEW JERSEY CORPORATION)
699 CROSS STREET, SUITE 2
LAKEWOOD, NJ 08701

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 9-0-1996; IN COMMERCE 9-0-1996.

SER. NO. 75–431,824, FILED 2–10–1998.

ODETTE BONNET, EXAMINING ATTORNEY

**EXHIBIT B**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,278,959
Registered Sep. 21, 1999

### SERVICE MARK
### PRINCIPAL REGISTER

## PROSOURCE

PROSOURCE PERFORMANCE PRODUCTS, INC. (NEW JERSEY CORPORATION)
699 CROSS STREET, SUITE 2
LAKEWOOD, NJ 08701

FOR: MAIL ORDER CATALOG SERVICES IN THE FIELD OF NUTRITIONAL SUPPLE-

MENTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9–15–1996; IN COMMERCE 9–15–1996.

SER. NO. 75–439,998, FILED 2–25–1998.

ODETTE BONNET, EXAMINING ATTORNEY

**EXHIBIT C**



# United States of America
### United States Patent and Trademark Office

# PROSOURCE.NET

**Reg. No. 4,583,704**

PROSOURCE PERFORMANCE PRODUCTS, INC. (NEW JERSEY CORPORATION)
2231 LANDMARK PLACE

**Registered Aug. 12, 2014** MANASQUAN, NJ 08736

**Int. Cl.: 35**

FOR: ON-LINE RETAIL STORE SERVICES FEATURING DIETARY AND NUTRITIONAL SUPPLEMENTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

**SERVICE MARK**

FIRST USE 0-0-2003; IN COMMERCE 0-0-2003.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,278,959 AND 2,303,469.

SER. NO. 86-145,637, FILED 12-17-2013.

ELIZABETH HUGHITT, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT D

## Weight Lifting Straps





# Yoga Mats





# Wrist Wraps





# Jump Ropes



## Resistance Bands





# Knee Wraps





# EXHIBIT E

## Example 1



Michelle McEwan <michellek@prosource.net>

## Fwd: Order #2919 confirmed
2 messages

**Betsy Hughes** <betsy@prosource.net>              Thu, May 4, 2017 at 12:01 PM
To: Michelle McEwan <michellek@prosource.net>

---------- Forwarded message ----------
From: **Betsy Hughes** <betsy@prosource.net>
Date: Wed, Feb 15, 2017 at 5:55 PM
Subject: Re: Order #2919 confirmed
To: ███████████████████████ >

Hi Savannah,

I'm sorry but you have the wrong company. We are Prosource.net and do not carry the products you listed to return. I apologize for any confusion.

Betsy
Prosource Customer Service

On Feb 15, 2017, at 4:22 PM, ████████████████████████ > wrote:

Hi Betsy


Per the voice mail message I just left you, below please find the original confirmation email that ProSource sent out when they received the order.  Kindly email an RA number to me as soon as possible so that I may return these unused, unopened items.  Your prompt attention will be appreciated.


Thank you,

█████████████████

Sent from Mail for Windows 10


**From:** ██████████████
**Sent:** Monday, February 13, 2017 6:53 PM
**To:** ████████████████
**Subject:** Fwd: Order #2919 confirmed



Sent from my iPhone

Begin forwarded message:

**From:** ProSource <support@prosourcefit.com>
**Date:** January 18, 2017 at 12:22:56 AM EST
**To:** ████████████████
**Subject: Order #2919 confirmed**

# FREE SHIPPING ON ALL ORDERS OVER $39.00



Dear ████████████,

Thank you for shopping with ProSource. We hope our products inspire you to enjoy a healthy, active lifestyle!

This email is to confirm your recent order. Your order confirmation number is #2919.

You can track the status of your order:



Date 01/17/2017



| | | |
|---|---|---|
| Yoga Mat Carrying Sling - Aqua ProductVariantDrop | | $5.99 |
| 2-in-1 Spike Massage Roller 24"x5"/ 12"x5" - Blue ProductVariantDrop | | $39.99 |

| | |
|---|---|
| Subtotal | $39.09 USD |
| Discount (code: SIGNUP15) | $-6.89 USD |
| Shipping | $0.00 USD |
| **Total** | **$39.09 USD** |

Shipping address            Billing address

**Example 2**

5/4/2017 ProSource Performance Products Mail - Fwd: Amazon Research Completed for ProSource Pilates Resistance Ring 14" Dual Grip Handles for Toning and Fitness...

Case 3:17-cv-06194-PGS-DEA Document 1 Filed 08/16/17 Page 38 of 40 PageID: 38



Michelle McEwan <michellek@prosource.net>

## Fwd: Amazon Research Completed for ProSource Pilates Resistance Ring 14" Dual Grip Handles for Toning and Fitness-Choose Your Color

2 messages

**Kelly Conklin** <kelly@prosource.net>                              Thu, May 4, 2017 at 11:58 AM
To: "Michelle.Kennedy" <Michelle.Kennedy@prosource.net>

here it is
---------- Forwarded message ----------
From: ████████████████████████ >
Date: Wed, May 3, 2017 at 10:38 AM
Subject: Amazon Research Completed for ProSource Pilates Resistance Ring 14" Dual Grip Handles for Toning and Fitness-Choose Your Color
To: harryf@prosource.net, kellyc@prosource.net

Hi,

I took the opportunity to go over your Amazon Customer Reviews for ProSource Pilates Resistance Ring 14" Dual Grip Handles and the results are as follow:

**38 Critical Reviews** UN-ANSWERED by either Seller or Brand.

**Majority of Questions** UN-ANSWERED by either Seller or Brand.

**18 Positive Reviews** (12 Months) UN-ANSWERED by either Seller or Brand with 'Other product suggestions' or 'We are glad you are happy' Responses.

My name is ██████and I'm the founder of a new family run company that specializes in Amazon Customer Service. I can personally manage your Amazon Customer Reviews every single day and make sure your customer's needs are being met.

I would like to offer you my services to fix this problem ASAP and start giving your customers the service that ProSource is capable of.

You can watch this quick video here to see how it works.

████████████████████

You can subscribe your products directly through the website where I will personally manage your account. You can cancel your subscription at any time.

I would love to have the opportunity to discuss this further with you if you wish.

**Example 3**

**Scott Charney**

| | |
|---|---|
| **From:** | Michelle McEwan <michellek@prosource.net> |
| **Sent:** | Tuesday, August 1, 2017 3:00 PM |
| **To:** | Scott Charney |
| **Subject:** | Fwd: Instructions |

Hi Scott,
See below. We received another email confusing the 2 companies.
Michelle
---------- Forwarded message ----------
From: **Web Master** <webmaster2231@prosource.net>
Date: Tue, Aug 1, 2017 at 2:58 PM
Subject: Fwd: Instructions
To: Michelle McEwan <michellek@prosource.net>


---------- Forwarded message ----------
From: ████████████████████ >
Date: Tue, Aug 1, 2017 at 1:28 PM
Subject: Instructions
To: customerservice@prosource.net


Hi. I bought my son the pro source multi grip pull up bar and he seems to have misplaced the instructions. Can I find
them online or on your website?
Thank you

Sent from my iPhone